LAWRENCE, Judge.
Reeves appeals his conviction of violating section 790.19, Florida Statutes (1991), for wantonly or maliciously shooting a firearm into an occupied building on May 3, 1992, evidencing prejudice based on the sexual orientation of the victim. Under section 775.085, Florida Statutes (1991) commonly known as “Florida’s Hate Crimes Statute,” the penalty for violating section 790.19 was reclassified from a second degree felony to a first degree felony. Reeves moved to dismiss this count, arguing that section 775.085 violated the Free Speech and Due Process Clauses of both state and federal constitutions. The trial court denied his motion, and Reeves subsequently pleaded nolo contendere, expressly reserving the right to appeal the trial court’s denial of his motion to dismiss. The trial court withheld adjudication and placed Reeves on two years probation, with the additional condition that he spend thirty nights in county jail on each of the two counts, to be served concurrently.
Reeves contends that the trial court erred in denying his motion to dismiss because section 775.085 is unconstitutionally vague for the reasons cited in Richards v. State, 608 So.2d 917 (Fla. 3d DCA 1992). The Florida Supreme Court recently issued its opinion in State v. Stalder, 630 So.2d 1072 (Fla.1994), expressly disapproving of Richards v. State and upholding the constitutionality of section 775.085 against challenges based on vagueness, overbreadth, and First Amendment grounds.
Accordingly, we hereby affirm Reeves’ judgment and sentence.
BOOTH and DAVIS, JJ., concur.